Cadwell agt. Goodenough.

----

## NEW YORK SUPERIOR COURT.

CADWELL agt. GOODENOUGH, and others.

Assuming the court to have the power to order a *bill of particulars* after the issues in the cause have been referred to a referee to hear and determine, it will not be exercised to interrupt a trial actually proceeding before him.

*Special Term, October,* 1864.

THIS is an application by the defendants for a bill of particulars of the plaintiff's demand.

MONCRIEF, J. It appears that the action was commenced in July, 1863 ; that issue was joined in August, 1863 ; that the action was referred to Hon. W. F. Allen, to hear and determine in November, 1863 ; that the plaintiff has given testimony on her own behalf upon several occasions, and the further trial of the cause stands over for the cross-examination of said plaintiff by the defendants. The order to show cause why a bill of particulars should not be fur-

Cadwell agt. Goodenough.

nished, and in the meantime staying all proceedings, would not have been granted had these facts been presented to the judge who granted the order.    There can be no necessity for a formal written bill of items, when the plaintiff, if she has not already upon the direct, upon her cross-examination can be compelled to disclose the nature of her claim with the nicest particularity.

It was held in *Andrews* agt. *Cleveland* (3 *Wend.* 43) that when a bill of particulars is applied for by a defendant after issue joined, it is a suspicious circumstance, and the officer granting the order should be well satisfied that the object of the party is not delay ; and he should require a good, excuse for the late application.

Assuming the court to have the power to order a bill of particulars after the issues have been referred to a referee to hear and determine, I am quite clear that it will not be exercised to interrupt a trial actually proceeding before him.

The motion must be denied, with $10 costs.    The order staying proceedings is. vacated.